# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST ROGER FOUNTAIN JR., | Case No. 1:23-cv-00708-SAB-HC |
| Petitioner, | ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED AS UNTIMELY |
| v. | |
| BRANDON PRICE, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**

**DISCUSSION**

On May 8, 2023, the Court received the instant petition for writ of habeas corpus wherein Petitioner challenges his 2002 Kings County Superior Court convictions. (ECF No. 1 at 1.)[1] Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA imposes a one-year period of limitation on petitioners seeking to

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

file a federal petition for writ of habeas corpus.[2] 28 U.S.C. § 2244(d)(1). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In most cases, the limitation period begins running on the date that the petitioner's direct review became final or the expiration of the time for seeking such review. Here, Petitioner does not provide enough information to determine when direct review of Petitioner's convictions became final, but it appears that Petitioner may have filed the instant petition beyond the expiration of the statute of limitations given that he was convicted in 2002, more than twenty years ago. Thus, Petitioner must inform the Court of the following: (1) when the California Court of Appeals issued its decision on his direct appeal; (2) whether Petitioner sought relief in the California Supreme Court; and (3) if so, when the California Supreme Court issued its decision.

The "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted

---

[2] In the petition, Petitioner claims that "[t]here is NO time limitations or limits on the attack of a void judgment nor when a court lacked/lacks jurisdiction, in accordance with the law." (ECF No. 1 at 15.) However, the cases cited in support of Petitioner's timeliness claim do not concern habeas corpus or AEDPA, and thus, are inapplicable.

toward" the one-year limitation period. 28 U.S.C. § 2244(d)(2). The petition indicates that Petitioner filed a petition for writ of habeas corpus in the California Supreme Court, which denied relief. (ECF No. 1 at 3.) If the limitations period had already expired at the time the state collateral challenge was filed, the collateral challenge has no tolling consequences. See Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000). Thus, Petitioner must inform the Court of when he filed this state habeas corpus petition and the date on which the California Supreme Court denied relief. Petitioner also must inform the Court if he filed any other state habeas corpus petitions, when they were filed, and the date of the state court's decisions on those petitions.

The limitation period also is subject to equitable tolling if the petitioner demonstrates "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Petitioner bears the burden of alleging facts that would give rise to tolling. Holland, 560 U.S. at 649; Pace, 544 U.S. at 418.

## II.

## ORDER

Accordingly, Petitioner is ORDERED to SHOW CAUSE within **THIRTY (30) days** from the date of service of this order why the petition should not be dismissed as untimely.

Petitioner is forewarned that failure to follow this order may result in a recommendation for dismissal of the petition pursuant to Federal Rule of Civil Procedure 41(b) (a petitioner's failure to prosecute or to comply with a court order may result in a dismissal of the action).

IT IS SO ORDERED.

Dated: **May 31, 2023**

UNITED STATES MAGISTRATE JUDGE