# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ERNEST ROGER FOUNTAIN JR., | Case No. 1:23-cv-00708-SAB-HC |
| Petitioner, | FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| BRANDON PRICE, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |
| Respondent. | |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.

## BACKGROUND

On May 8, 2023, the Court received the instant petition for writ of habeas corpus wherein Petitioner challenges his 2002 Kings County Superior Court convictions. (ECF No. 1 at 1.)[1] On May 31, 2023, the Court ordered Petitioner to show cause why the petition should not be dismissed as untimely. (ECF No. 4.) On June 12, 2023, the order to show cause was returned as "undeliverable" with a notation that Petitioner was discharged from CDCR custody.

///

///

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

## II.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, failure to comply with the court's local rules, or failure to comply with the court's orders. See, e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing federal court's inherent power to "act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders).

It is Petitioner's responsibility to keep the court apprised of his current address at all times. See Local Rule 183(b). Absent notice of a party's change of address, service of documents at the prior address of the party is fully effective. Local Rule 182(f). Furthermore, if mail directed to a pro se petitioner is returned by the U.S. Postal Service, and if the petitioner fails to notify the court within sixty-three days thereafter of a current address, the court may dismiss the action without prejudice for failure to prosecute. Local Rule 183(b). Petitioner has not notified the Court of his current address. It has been over sixty-three days since mail was returned by the U.S. Postal Service as undeliverable. Further, Petitioner has failed to comply with the order to show cause.

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987)). "These factors are 'not a series of conditions precedent before the judge can do anything,' but a 'way for a district judge to think

///

1  about what to do.'" PPA Prods. Liab. Litig., 460 F.3d at 1226 (quoting Valley Eng'rs Inc. v.

2  Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998)).

3       In the instant case, the Court finds that the public's interest in expeditiously resolving this

4  litigation and the Court's interest in managing the docket weigh in favor of dismissal because the

5  Court cannot hold this case in abeyance indefinitely awaiting compliance by Petitioner. The third

6  factor, risk of prejudice to Respondent, also weighs in favor of dismissal, because a presumption

7  of injury arises from the occurrence of unreasonable delay in prosecuting an action. See

8  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, public policy

9  favoring disposition of cases on their merits, is outweighed by the factors in favor of dismissal.

10 Finally, as the Court's order to show cause had informed Petitioner that failure to comply with

11 the order would result in dismissal of the petition, the Court finds that there are no feasible less

12 drastic alternatives. See PPA Prods. Liab. Litig., 460 F.3d at 1229 ("Warning that failure to obey

13 a court order will result in dismissal can itself meet the 'consideration of alternatives'

14 requirement."). Therefore, dismissal is appropriate.

15                                    **III.**

16                        **RECOMMENDATION & ORDER**

17       Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas

18 corpus be DISMISSED WITHOUT PREJUDICE for failure to prosecute and failure to obey a

19 court order.

20       Further, the Clerk of Court is DIRECTED to randomly assign this action to a District

21 Judge.

22       This Findings and Recommendation is submitted to the United States District Court

23 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304

24 of the Local Rules of Practice for the United States District Court, Eastern District of California.

25 Within **FOURTEEN (14)** days after service of the Findings and Recommendation, Petitioner

26 may file written objections with the Court and serve a copy on all parties. Such a document

27 should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The

28 assigned United States District Court Judge will then review the Magistrate Judge's ruling

pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 25, 2023**

UNITED STATES MAGISTRATE JUDGE